JANUARY TERM, 1883, No. 274.                    MAY 24, 1883.

## Bates v. Short.

Where there was evidence that an agent was authorized to indorse his principal's name upon a note in renewal of an old note which had been protested, and that, at the time the authority was given, he told his principal that he "thought it would be about $410," and he then indorsed the principal's name upon the renewal note for this amount ; *Held*, In a suit by the bank which had discounted the note against the principal, that the note was properly admitted in evidence, and that the plaintiff could recover the amount actually due, although the prior note with interest and costs of protest did not exceed the sum of $408 50.

Before MERCUR, C. J.; GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. ; PAXSON, J., absent.

Error to the Common Pleas of *Warren County*.

*Assumpsit* by William H. Shortt, president, in trust for the Sugar Grove Savings Bank against William Bates upon a promissory note for $410, alleged to have been indorsed by the said William Bates.

The facts, as they appeared at the trial before McDER-MITT, P. J., were as follows :

In 1878, W. P. Wynn got discounted at the Sugar Grove Savings Bank a note for $400, made by himself and having the name of William Bates indorsed upon it. This note became due on January 25, 1879, and was protested. On January 28, Wynn presented the note in suit for $410, payable to the order of William Bates, dated January 26, and having the name of Bates indorsed upon it. This was also discounted by the bank for Wynn's account, and the old note was delivered up to him. The bank had no knowledge that the indorsement was not in Bates' handwriting.

*W. P. Wynn* testified, in reference to the second note, as follows :

" I wrote William Bates' name on the back of the note. I wrote the note on the 28th of January, 1879. The night of the 27th I asked him if I could use his name, and he said I could. I told him I would draw up the note and take it to the bank. He says, 'All right, put my name on the back of it.' . . . I first met Mr. Bates

[Bates *v.* Short.]

in front of James Letts' store. He commenced about the note. He said he had got a letter of protest from the Sugar Grove Bank. This was about the $400 note that he had indorsed for me on the Sugar Grove Bank before this one. This last note was a renewal of that. He said that he had got a notice of protest and wanted to know if I thought I could pay the note, and I told him that I could not; that I could not raise the money to pay it. He says then that I would have to get it renewed, and he told me to put his name on the back. We were in front of my house when he told me that. . . . I drew up the note the next morning and took it to the bank, and got it discounted."

A witness present at the conversation between Wynn and Bates testified that he heard Bates say "that he would have to get it renewed."

*C. M. Shortt*, cashier of the Sugar Grove bank, testified that the interest on the $400 note, at ten per cent., would be $6 75.

*W. P. Wynn* being recalled: "I believe I told him (Bates) that I would have to make the note $410 . . . I told him that I had no money to pay the interest, and there would be some costs of protest. I told him I thought it would be about $410."

Bates denied that he had authorized Wynn to sign the note in suit or any other one.

Plaintiff offered the note in evidence. Objected to for the reason that it is proven on the part of the plaintiff that the indorsement was not written by defendant, and the authority to indorse it was to indorse a note for $400 including the interest; this note is for $410 and therefore void. Objection overruled under exception. (First assignment of error.)

The plaintiff submitted the following point: 'That if the jury believe that W. P. Wynn was authorized by Bates to get the protested note at the Sugar Grove bank, on which he was indorser, renewed, by indorsing his name on a note for that purpose, it was an authority to indorse such a note as by the rule and custom of the bank was required and would be accepted in renewal of the over-due note.

*Answer.*—This point is affirmed, with these qualifications: that the defendant would only be liable on the note so given for the actual amount due the bank, with legal interest thereon, and also the costs of protest on the former note, if it was so indorsed by him. But if the bank, the plaintiff, knowingly took the note in suit for a

[Bates v. Short.]

greater amount than was due thereon, and so took it with the fraudulent intent of collecting more money on it than the defendant owed it, then your verdict should be for the defendant. (Second assignment of error.)

The defendant submitted the following point, *inter alia:* That even if the jury believe, from the evidence, that Bates authorized Wynn to renew the $400 note, with interest, and indorse his (Bates) name upon the back thereof as indorser the same as before, and that Wynn drew a note for a larger amount and for other purposes than he was authorized by Bates to do, he exceeded his authority as a special agent of Bates, his act would not be binding upon his principal, Bates, and the plaintiff cannot therefore recover.

*Answer.*—This point answered negatively, as the principle involved in it is explained in our answer to the plaintiff's only point. (Third assignment of error.)

The Court charged, *inter alia*, as follows:

"It is alleged on the part of the defendant that the note is given for an amount greater than ought to have been by some small amount. If this was a mistake made in calculating the amount of the note, it would not prevent the bank recovering all that was due to them. But if the bank added an amount or accepted a note in amount greater than was due them, and with fraudulent intent collected more money from the indorser, Bates, than he owed the bank, it would vitiate the whole and the plaintiff, could not recover." (Fourth assignment of error).

MAY 4, 1882.—Verdict for plaintiff for $484 35, upon which judgment was afterwards entered. The defendant thereupon took this writ of error.

*D. I. Ball* and *Chas. H. Noyes* for plaintiff in error.

An agent, constituted for a particular purpose and under a limited power, cannot bind his principal if he exceeds that power. The special authority must be strictly pursued: 2 Kent. Com., 620; Batty *v.* Carswell, 2 John., 48; Roe *v.* Prideaux, 10 East, 158; Strohecker *v.* the Bank, 8 Watts, 188.

The evidence on the part of the plaintiff went no further than this: that Bates authorized Wynn to renew a note for $400 by indorsing his name to a new note for the amount of the old one, including the interest for sixty days, which would be four dollars.

If, however, we admit that there would be implied authority to include usury at the rate charged by the bank, which the cashier testified was ten per cent., and

[Flacke *v.* The Commonwealth.]

for sixty-three days amounting to $6 75 and the fees for
the protest of the old note, which were $1 75, the utmost
amount of the note which Bates authorized Wynn to in-
dorse was $408 50.    The note offered in evidence was for
$410.    There was, therefore, no authority shown from
Bates to Wynn to indorse the particular note in suit.

*Johnson, Lindsey & Parmlee* for defendant in error.
    Wynn's evidence showed ample authority to indorse
Bates' name for a note for $410.    The question of the
amount which the bank could recover was an independ-
ent and separate question from the question of authority
given to Wynn to indorse the note.    These questions were
plainly and fairly submitted to the jury, and it is not
claimed that the jury found for the plaintiff any more
than the amount of the old note with legal interest and
protest fees added.

OCTOBER 1, 1883.—PER CURIAM : We have carefully
examined the evidence and considered the several specifi-
cations of error.    The law is correctly declared and the
evidence was sufficient to justify its submission to the
jury.    There was no error in admitting the note in evi-
dence.    There was some evidence of authority in the
agent to make it for the sum therein specified.
                                                        Judgment affirmed.